MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
James A. Goeke
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SEAN LEVON WATSON, <br><br> Defendant. | Case No.: 14-CR-00028-JLQ <br><br> United States' Notice Of Intent To Comply With Criminal Discovery Obligations And Reciprocal Request For Disclosure Of Evidence By The Defendant |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, and James A. Goeke, Assistant United States Attorney for the Eastern District of Washington, submits the Following Notice of Intent to Comply with Criminal Discovery Obligations and Reciprocal Request for Disclosure Of Evidence by the Defendant.

Notice Of Intent To Comply With Criminal Discovery Obligations And Reciprocal Request For Disclosure Of Evidence By The Defendant – 1
P40228jm.JGA

I.  INTRODUCTION

On February 20, 2014, the Defendant was indicted and charged with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1).  On February 21, 2014 , the Defendant was arraigned.  On that same date, the Court issued an Order Regarding Discovery and Pretrial Motions.   The United States has already provided 248 pages of discovery and will continue to do so, as discovery is received.  The United States has also advised defense counsel, pursuant to Fed. Crim. P. Rule 16(a)(1)(E), that physical evidence in the case is available for inspection by contacting the AUSA Goeke.   In addition, the United States intends to work with defense counsel on any discovery-related issues that might arise during the course of litigation.

II.  INTENT TO COMPLY WITH CRIMINAL DISCOVERY OBLIGATIONS

The United States is mindful of its criminal discovery obligations under Federal Rule of Criminal Procedure 16, local court rules, the Jencks Act (18 U.S.C. § 3500) and the independent obligations applied by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, and intends to fully comply with those obligations.   The United States is also mindful of its obligation to protect victims and witnesses from retaliation or intimidation and to safeguard ongoing criminal investigations.

Notice Of Intent To Comply With Criminal Discovery Obligations And Reciprocal Request For Disclosure Of Evidence By The Defendant – 2
P40228jm.JGA

In accordance with the time frame set forth in the Court's Discovery Order (which requires a complete furnishing of all investigative material within 14 days of the Court's Order) and in accord with the court rules, statutes and case law governing discovery disclosures in federal criminal cases, the United States hereby gives notice that it will not consent to releasing discovery, documents, materials, or "all investigative material" in this case pursuant to the Court's "Open File" Discovery Order.  Rather, the United States will diligently produce discovery in its possession in accordance with the discovery obligations set forth in Fed. R. Crim. P. 16, 18 U.S.C. § 3500 (<u>Jenks</u> Act), the rules of production established therein, the landmark decisions of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Kyles v. Whitley</u>, 514 U.S. 419, 433 (1995), in disclosing exculpatory material within its possession which is material to the issue of guilt or punishment and <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972), as well as Court Rules, statutes, federal case law, and of course any further Order of this Court.  The United States will not be providing discovery on an "open-file" basis, pursuant to the Department of Justice's policy on this issue.

Furthermore, while the Discovery Order states that the government shall provide, within 7 business days of the date of arraignment, all investigative material in its file and shall complete discovery within 14 days of the date the order was issued, the United States will not conclude the discovery process

within 14 days of the date the order was issued. As is customary in all criminal cases, the United States is hereby providing notice that it intends to investigate, interview witnesses, and collect any additional evidence throughout the trial process and/or sentencing. The United States will produce promptly any discoverable materials that it obtains throughout the trial process and/or sentencing.

If reports of examination and tests are received by the United States in this case, pursuant to Fed. Crim. P. R. 16(a)(1)(F), the United States will provide said reports of examinations and tests as soon as they are received and reviewed by the United States. The United States will also provide to defense a written summary of any expert witness testimony it will seek to present in its case-in-chief, pursuant to Rules 702, 703, and 705 of the Federal Rules of Evidence, describing the expert's opinion, the basis and reasons for those opinions, and the witness's qualifications.

If the case involves confidential informant(s), the United States hereby gives notice, based upon safety concerns of confidential informant(s), that it will not be producing information that would tend to reveal the identity of such an individual (including audio or video recordings), their location or contact information, within the time frame provided by the Court's Discovery Order. However, the

United States will be providing in discovery the criminal history and any benefits received by the confidential informant(s). The United States notes that the trial court must balance the need of the defense for information against the value of ensuring the safety of the informant(s). <u>United States v. Rowland</u>, 464 F.3d 899, 909 (9th Cir. 2006). The defendant bears the burden of showing a need for disclosure. <u>United States v. Decound</u>, 456 F.3d 996, 1009 (9th Cir. 2006). If the case is not resolved by a plea agreement, the United States will provide the identity of informant(s) and information about them, as well as any audio and/or video recordings involving them, pursuant to Brady/Giglio and the Federal Rules of Evidence. The United States notes that in this case, with regard to informant(s), the United States has advised the Defendant of the following by way of a letter during the week of February 24, 2014:

> This case involves a Confidential Source ("CS"). At this time, the United States is not providing copies of any audio recordings and video recordings that include the CS' voice and/or image. Those recordings are, however, available for your immediate inspection by contacting Assistant United States Attorney James A. Goeke. Transcripts of the audio recordings are also provided in the discovery.

If this case involves minor victims and/or witnesses that need to be protected from retaliation or intimidation, the United States shall either

Notice Of Intent To Comply With Criminal Discovery Obligations And Reciprocal Request For Disclosure Of Evidence By The Defendant – 5
P40228jm.JGA

redact discovery or promptly request a protective order for disclosure of discovery related to such individuals, pursuant to 18 U.S.C. § 3509.

Federal Criminal Procedure Rule 16 does not require the disclosure of grand jury transcripts. The United States intends to provide transcripts of testifying witnesses approximately two weeks in advance on any trial in this matter.

### III. UNITED STATES REQUEST FOR DISCLOSURE OF EVIDENCE BY THE DEFENDANT

The United States hereby requests Defendant to promptly disclose the information and evidence required by Rule 16(b) of the Federal Rules of Criminal Procedure.

The Defendant is charged with an offense(s), the times, dates and places of which are detailed in the Indictment and discovery materials provided by the United States. Pursuant to Fed. R. Crim.P.12.1, the United States hereby demands notice of alibi.

Lastly, pursuant to Fed. R. Crim.P.12.2(a) and (b), the United States hereby demands notice of any insanity defense or other mental disease, defect, or

///

///

///

other condition bearing on whether the Defendant has the mental state required for the offense(s) charged.

Dated: February 28, 2014.

                      MICHAEL C. ORMSBY
                      United States Attorney

                      *s/ James A. Goeke*
                      James A. Goeke
                      Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jaime Hawk
Federal Defenders
10 North Post Street, Suite 700
Spokane, WA 99201

                      *s/ James A. Goeke*
                      James A. Goeke
                      Assistant United States Attorney