UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    vs.<br><br>SEAN LEVON WATSON,<br><br>                Defendant. | No. 2:14-CR-0028-JLQ<br><br>**ORDER RE: DISCOVERY** |

       This case is set for trial for April 14, 2014. On February 28, 2014, the Government filed a "Notice of Intent to Comply with Criminal Discovery Obligations and Reciprocal Request for Disclosure of Evidence by the Defendant" (ECF No. 18) which, in effect, states that the Government will furnish discovery in accordance with its own practices, rather than in accordance with the court's Orders.

       The filing of this type of stock notice by the Government is not of benefit to the court, the Government, the Defendant, or the ends of justice. The Government need not provide notice that it intends to comply with the law. The portion of the Government's statement that it does *not* intend to comply with the Magistrate Judge's Discovery Order is based upon an erroneous quotation of "open file" language not included in the Discovery Order and an erroneous statement that the Order requires "a complete furnishing of all investigative material within 14 days of the Court's Order." The Discovery Order specifically provides that the Government shall "continue to furnish discovery as received....or within fourteen (14) days from receipt of the discovered material..." (ECF No. 8 at 1). Unless otherwise ordered by this court, the Government

ORDER - 1

shall comply with the mandates of the Magistrate Judge's February 21, 2014 Discovery Order. If the Government feels there is a valid factual and legal basis for withholding the production of relevant materials, it may apply to the court for relief from the Discovery Order.

To the extent the Government intends the document entitled "Notice of Intent To Comply" to be a "Notice of Non-Disclosure," of the Magistrate's Discovery Order, it should be so titled. The requirement for Notice of Non-Disclosure is intended as a procedural tool to avoid the Government's withholding, censoring, concealing, and/or delaying disclosure of relevant and material information without notice to the defense or the court. Such a notice should be case-specific and give the Defendant the opportunity to litigate whether the discovery not disclosed ought to be disclosed pursuant to court Order and give the court the opportunity to review and rule upon any proposed withholding or delay in furnishing relevant materials.

The only case-specific information contained in this current "Notice of Intent To Comply" are 1) the statement that the Government has provided 248 pages of discovery; and 2) the quote from the Government's February 24, 2014 letter provided to the Defendant regarding discovery of information related to the Confidential Source involved in this case. The Government has a qualified privilege to protect the identity of a confidential informant. *Roviaro v. United States*, 353 U.S. 53, 59 (1957), *McCray v. United States*, 386 U.S. 300, 308–09 (1967) and *United States v. Ramirez–Rangel*, 103 F.3d 1501, 1505 (9th Cir.1997), rev'd on other grounds by *Watson v. U.S.*, 552 U.S. 74 (2007). However, the Defendant may seek an order compelling the disclosure of an informer's identity to assist where it "is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause." *Roviaro*, 353 U.S. 53, 60–61 (1957).

Finally, the Government includes in its Notice of Intent To Comply, discovery requests intended for *the Defendant*, not the court. The Government requests reciprocal discovery under Federal Rule of Criminal Procedure 16(b), and "demands notice" under

ORDER - 2

Rules 12.1 and 12.2(a) and (b). The Rules do not require the Government to *file* such requests with the court. The Magistrate Judge's Discovery Order already provides "[t]hese directives assume a defense request for discovery...and impose a reciprocal duty to provide discovery." (ECF No. 8 at 1). Moreover, Rules 12.2(a) and (b) place an obligation on the Defendant to provide notice that he may use an insanity defense or offer expert testimony of a mental condition, without the necessity of any "demand" for notice from the Government.

Accordingly, the court hereby Orders:

1. The Government shall review its Notice of Intent To Comply so that future filings do not repeat the problems identified herein; and

2. The Government shall forthwith provide counsel for the Defendant with all relevant and material discovery currently within its possession or forthwith file a motion seeking court permission to withhold that material; and

3. The Government shall forthwith provide all *Brady*, 373 U.S. 83 (1963) and *Giglio*, 405 U.S. 150 (1972) materials now in its possession and upon receipt of such materials subsequently received, to counsel for the Defendant; and

4. The Government shall forthwith commence the credibility searches required by *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) and promptly make disclosure to defense counsel of any adverse findings. The Government may apply to the court for a ruling on any adverse information in *Henthorn* materials if the Government feels it is not discoverable or relevant.

IT IS SO ORDERED. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 7th day of March, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3